1   DANIEL J. BRODERICK, #89424
    Federal Defender
2   STEPHEN BETZ, Bar #234510
    Staff Attorney
3   Designated Counsel for Service
    2300 Tulare Street, Suite 330
4   Fresno, California  93721-2226
    Telephone: (559) 487-5561
5
    Attorney for Defendant
6   SALVADOR MARQUEZ

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )   NO. 1:06-mj-00186
                                     )
12              Plaintiff,           )   MEMORANDUM OF POINTS AND
                                     )   AUTHORITIES IN SUPPORT OF MOTION
13         v.                        )   FOR EARLY TERMINATION OF
                                     )   PROBATION; DECLARATION OF COUNSEL;
14  SALVADOR MARQUEZ,                )   EXHIBIT; AND ORDER
                                     )
15              Defendant.           )
                                     )
16  _____)   Judge: Hon. Sandra M. Snyder

17

18         The defendant, Salvador Marquez, hereby requests early termination of his previously imposed

19  term of probation.  This motion is made on the grounds that Mr. Marquez has paid his fine and assessment

20  in full and complied with the terms and conditions of probation for nine months.  He requests that the

21  court order the termination his probation forthwith.  Defense counsel has communicated with United

22  States Probation Officer Benjamin Ventura (C.D. Cal.), and with Assistant United States Attorney Mark

23  McKeon regarding this request.  It does not appear that either opposes this request.

                              **I. STATEMENT OF FACTS**

25         On or about September 20, 2006, Mr. Marquez pled guilty to 36 C.F.R. § 4.2/California Vehicle

26  Code § 23103/23103.5 (Wet Reckless) and 36 C.F.R. § 4.14 (open container).  On that same date, Mr.

27  Marquez was sentenced by the Hon. Lawrence O'Neill.  As Mr. Marquez pled guilty and was sentenced

28  before the magistrate court was faced with a large influx of driving under the influence cases, he was

1   actually placed on formal supervised probation.  The defendant was sentenced to two years supervised

2   probation, ordered to pay a fine and penalty assessment in the amount of $1,410, to complete an alcohol

3   treatment program, to obey all laws, and other standard terms and conditions of probation.

4     Mr. Marquez resides in Sylmar, California and is being supervised by United States Probation

5   Officer Benjamin Ventura out of the Central District of California.  According to Mr. Ventura, Mr.

6   Marquez has completed his alcohol treatment program.  In addition, he has generally complied with all

7   terms and conditions of his probation and has not suffered any violations of probation.  Moreover, Mr.

8   Marquez has paid his fine and penalty assessment in full.  (see Exhibit 1).

9   **II.  ARGUMENT**

10    A court may "modify, reduce, or enlarge the conditions of a sentence of probation at any time prior

11  to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of

12  Criminal Procedure relating to the modification of probation and the provisions applicable to the initial

13  setting of the conditions of probation."  18 U.S.C. § 3563(c).  Section 3564(c) expressly allows for  the

14  early termination of probation.  It provides:

15     (c) Early termination. The court, after considering the factors set forth in section
       3553(a) [18 USC § 3553(a)] to the extent that they are applicable, may, pursuant to

16     the provisions of the Federal Rules of Criminal Procedure relating to the
       modification of probation, terminate a term of probation previously ordered and

17     discharge the defendant at any time in the case of a misdemeanor or an infraction or
       at any time after the expiration of one year of probation in the case of a felony, if it

18     is satisfied that such action is warranted by the conduct of the defendant and the
       interest of justice.

19

20    Here, the relevant section 3553(a)  factors include: (1) "the nature and circumstances of the offense

21  and the history and characteristics of the defendant;" (2) "the need for the sentence imposed to protect the

22  public from further crimes of the defendant;" and (3) "the need to provide restitution to any victims of the

23  offense."  18 USC §§ 3553(a)(1), (a)(2)(C), and (a)(7).

24    Under the facts of this case, early termination of probation is appropriate.  Regarding the first

25  factor, the offenses in question were Class B misdemeanors.  Moreover, this is a case where Mr. Marquez

26  pled guilty to a reduced charge, wet reckless, from his original charge of driving under the influence of

27  alcohol.  This was not a case where anyone was injured or harmed from Mr. Marquez's conduct.

28    Regarding the second factor, continued probation supervision is not necessary to protect the public

from further crimes as Mr. Marquez has been under close supervision and has not violated any terms and conditions of his probation.  Furthermore, Mr. Marquez has successfully completed an alcohol treatment program which would address any concerns that he may be a danger to the public because of an existing alcohol problem.  In addition, this is a crime where a majority of offenders merely receive unsupervised probation as the court has not seen it necessary to require closer supervision for protection of the public.

The third factor also supports early termination of probation.  In this case no restitution was ordered.  However, Mr. Marquez has paid his fine and penalty assessment in full.

For the foregoing reasons, Mr. Marquez requests that his probation be terminated  forthwith.

Dated:  June 26, 2007

Respectfully submitted,

DANIEL J. BRODERICK
Federal Defender

/S/ Stephen Betz
Stephen Betz
Staff Attorney
Attorney for Defendant
SALVADOR MARQUEZ

Marquez-memo of P&A's for early
termination of probation                    −3−

## DECLARATION OF STEPHEN BETZ

I, Stephen Betz, declare under penalty of perjury:

1.　I am an attorney admitted to practice before this court and am currently employed as a Staff Attorney with the Office of the Federal Public Defender.

2.　I became attorney of record for Salvador Marquez, the defendant in the above entitled matter, on or about August 1, 2006.

3.　On or about September 20, 2006, I represented Mr. Marquez in a change of plea hearing where Mr. Marquez was sentenced to 24 months of supervised probation, was ordered to pay a fine and penalty assessment in the amount of $1,410, to participate and complete an alcohol treatment program.

4.　Because Mr. Marquez resides in Sylmar, California he is being supervised out of the Central District of California by United States Probation Officer Benjamin Ventura.

5.　On or about June 12, 2007, I spoke to United States Probation Officer Benjamin Ventura via telephone.

6.　Mr. Ventura informed me that Mr. Marquez had generally completed all terms and conditions of his probation, he satisfied all of the special terms and conditions of his probation, and he has not suffered any violations of probation.

7.　Mr. Ventura further informed me Mr. Marquez has completed an alcohol treatment program however, the alcohol program completed by Mr. Marquez does not provide proof of completion and the only way to obtain proof of completion would be in the form of a letter from Mr. Ventura.

8.　Mr. Ventura also stated he would not oppose an early termination of Mr. Marquez's probation.

9.　On or about June 26, 2007, I spoke with Assistant United States Attorney Mark McKeon via telephone concerning Mr. Marquez's case.

10.　Assistant United States Attorney McKeon informed me he does not have an objection to early termination of probation.

///

///

Marquez-memo of P&A's for early
termination of probation　　　　　　　－4－

1

**ORDER**

2

    **IT IS HEREBY ORDERED** that defendant's motion for early termination of probation **IS**

3

**GRANTED**.  The 24-month term of probation imposed on September 20, 2006, is hereby terminated.

4

5

IT IS SO ORDERED.

6

    **Dated:**    **June 27, 2007**    **/s/ Sandra M. Snyder**

7

    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Marquez-memo of P&A's for early
termination of probation     −5−